## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Huseby, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>Lee Bailey et al.,<br><br>     Defendants. | Civil No. 3:20-cv-00167 (JBA)<br><br><br><br>February 24, 2021 |
| Lee Bailey,<br><br>     Counterclaim Plaintiff,<br><br>v.<br><br>Huseby, LLC,<br><br>     Counterclaim Defendant. | |

### RULING AND ORDER ON DEFENDANTS' MOTION TO COMPEL [ECF NO. 36]

The defendants Lee Bailey; Brandon Legal Tech, LLC; Brandon Legal Group, LLC; and John Brandon have moved for an order compelling the plaintiff, Huseby, LLC, to comply with requests for production served on August 24, 2020.  (ECF No. 36.)  The defendants also seek an award of "fees and costs incurred in pursuing this relief."  (*Id.* at 2.)  The presiding judge, the Hon. Janet Bond Arterton, referred the motion to the undersigned.  Huseby has filed an objection (ECF No. 44), the defendants have filed a reply (ECF No. 48), and the Court held oral argument on February 17, 2021.  For the following reasons, the defendants' motion to compel is **GRANTED** and their request for attorneys' fees is **GRANTED IN PART AND DENIED IN PART**.

1. **Background**

Huseby is a North Carolina-based court reporting firm that formerly employed the defendant, Lee Bailey, as a sales representative.  (Am. Compl., ECF No. 27, ¶ 12.)  Huseby claims that Bailey entered into non-competition, non-interference, non-solicitation and non-disclosure agreements that survived the termination of his employment.  (*Id.* ¶¶ 17-21.)  It further alleges that after Bailey went to work for a competitor – Brandon Legal Tech, LLC – he violated his agreements by, among other things, disclosing customer lists and other confidential information to his new employer.  (*Id.* ¶¶ 21, 50.)

In December 2019, Huseby filed suit against the four defendants in the U.S. District Court for the Western District of North Carolina.  (Compl., ECF No. 1.)  Its complaint alleged breach of contract, tortious interference with contract, violations of the Connecticut and North Carolina Unfair Trade Practices Acts, civil conspiracy, and violations of the Connecticut Uniform Trade Secrets Act.  (Compl., ECF No. 1.)  The parties then jointly moved to transfer the case to this district, and the North Carolina court granted the motion on February 4, 2020.  (ECF No. 9.)  The Clerk of this Court randomly assigned the case to Senior United States District Judge Janet Bond Arterton.  Judge Arterton then issued her standard electronic filing order and protective order. (ECF Nos. 12, 13.)

Since the protective order is a focus of the defendants' motion and of Huseby's opposition, the Court will pause to discuss some of its features.  In contrast to the standard form of protective order used by some other judges in this district, Judge Arterton's form does not include a provision permitting parties to designate documents as "Confidential – Attorneys' Eyes Only," except in one unusual circumstance described below.  (*Compare* ECF No. 12 *with, e.g.,* ECF No. 5 in *Pal v. Canepari*, No. 3:20-cv-00013 (standard form of protective order used by Hon. Michael P. Shea,

USDJ).)  Her standard order permits parties to designate documents as "Confidential," but it provides that documents so designated may be reviewed by "[t]he requesting party" as well as its counsel.  (ECF No. 12, ¶¶ (b), (d).)  Her order then goes on to explain what a party must do if it seeks additional protection.  In bold type, the order says:

> **Parties and counsel are advised that their claimed need for a more restrictive protective order does not relieve them from compliance with discovery requests in a timely fashion.  It is counsel's responsibility to timely move for further protection based on confidentiality, if needed.  If the Court has not ruled on any such motion when discovery is due, then the documents shall be produced by the deadline for "attorneys' eyes" only, pending decision by the Court.  If exceptional circumstances exist in which production in this form would be irreparably prejudicial, counsel shall immediately advise the Court by letter.**

(*Id.* at 2  (emphasis in original).)   In other words, if a party feels that "attorney's-eyes-only" treatment is necessary, it must make a motion for a stronger protective order well before its production deadline; may not refuse to produce the documents at the deadline on the ground that insufficient protection is in place; and may designate documents for "attorney's eyes" only in the unusual situation in which the Court has not ruled upon a timely-filed motion by the deadline.

The parties discussed the order during their Rule 26(f) conference.  In the Rule 26(f) report that they filed on August 3, 2020, they indicated that they had "agree[d] that, to the extent the Court's Standing Protective Order does not address an issue, they will negotiate and propose to the Court a supplemental protective order."  (ECF No. 31, at 9.)  So far as the record discloses, however, they did not revisit the issue for the next several months.

On August 24, 2020, the defendants served fifty-eight requests for production on Huseby. (ECF No. 37-1.)  The first nine requests sought production of Bailey's employment agreement, personnel file, and job list, as well as other documents relating to Huseby's liability and damage claims.  (*Id.* at 2-3, ¶¶ 1-9.)  The remaining forty-nine were "contention requests" tied to particular paragraphs or allegations in Huseby's 123-paragraph amended complaint.  To cite one example,

Request No. 18 sought production of "[a]ny and all documents that evidence, support, corroborate, and/or otherwise pertain or relate to the allegations in Paragraph 31 of your Amended Complaint that Bailey solicited 'clients of Huseby.'"  (*Id.* at 6, ¶ 18.)

After obtaining an extension of time (ECF Nos. 33, 34), Huseby responded to the defendants' requests on November 2, 2020.  (ECF No. 37-2.)  It unqualifiedly agreed to produce all documents responsive to Request Nos. 1, 2, 8, 21, 22, 26 and 28.  (*Id.*)  It objected to the other fifty-one requests on a variety of grounds.  Its objections to Request No. 19 – which sought production of documents relating to its "allegation in Paragraph 32 of [the] Amended Complaint that Bailey disclosed" confidential information – are representative:

> Plaintiff objects to this request as overly broad and unduly burdensome.  Plaintiff further objects to this request to the extent it is a premature contention request.  Discovery is on-going and documentation and discovery from the Defendants has not yet been produced.  Substantial documentation relevant to this request is likely in the sole custody of the Defendants.  Plaintiff reserves the right to supplement any response to this request once information is received from the Defendants and as its discovery in the case progresses.  Plaintiff further objects to this request as the specific documentation that evidences or corroborates the allegations is a matter of attorney-client privilege and/or attorney opinion work product.  Plaintiff further objects to this request on the grounds that it seeks duplicative information and/or documents.

(*Id.* at 9, ¶ 19.)  Huseby also asserted a "general objection" on confidentiality grounds:

> [S]ome of the documents that will be produced over the course of the litigation are highly confidential and proprietary that includes trade secret information.  Therefore, this information should be subject to an "attorney's eyes only" protective order.  Plaintiff's counsel intends to confer with Defendants' counsel as to a mutually agreeable protective order that accounts for such documents and if such an agreement is not made, Plaintiff reserves the right to move for a protective order.

(*Id.* at 1-2.)

After registering these objections, Huseby stated that it would nevertheless produce all documents responsive to the defendants' requests.  Its response to each of the fifty-one allegedly objectionable requests ended with the following statement:  "Subject to and without waiving said

objections, any responsive documents in the possession, custody, or control of Plaintiff will be produced or made available for inspection pursuant to Rule 34." (*E.g., id* at 9, ¶ 19.)

Although it had agreed to produce documents responsive to all fifty-eight requests, Huseby did not produce any documents with its November 2, 2020 responses. Instead, it invited the defendants to negotiate over a stronger protective order, as it had signaled it would do in its "general objection." Thus, when it e-mailed its responses and objections to the defendants' counsel on November 2, 2020, it informed the defendants' counsel that it was "available to discuss a mutual protection order for both parties' confidential and proprietary information that should be designated as attorney's eyes only," and it indicated that it would "begin production of documents once we have had a chance to confer on the protection order." (*See* e-mail from M. Finkelstein to A. Natale, Nov. 2, 2020, ECF No. 38-1.) Huseby contends that "certain key competitive information" should be accorded attorney's-eyes-only treatment in this case, and moreover it submits that such treatment "is common-place for litigation of this type." (ECF No. 44, at 1.)

Initially, the defendants were willing to consider such an order – but they wanted Huseby to begin producing documents in the meantime. On November 23, 2020, their counsel stated that he was "willing to consider . . . an attorneys eyes only designation," but he added that he expected Huseby to "start to produce documents . . . this week." (E-mail from A. Natale to M. Finkelstein, Nov. 23, 2020, ECF No. 38-2.) Huseby made a partial document production in December, designating some documents as "attorney's eyes only" even though the existing order did not allow for such a designation, but it continued to withhold other documents pending resolution of the protective order issue. (ECF No. 37, at 5.)

After reviewing Huseby's partial production, the defendants apparently lost whatever interest they might have had in an attorney's-eyes-only provision. Huseby proposed such a

provision on December 10, 2020.  (ECF Nos. 38-4, 44-1.)  On December 23, 2020, the defendants'
counsel rejected the provision because he "[didn't] see a need."  (E-mail from A. Natale to M.
Finkelstein, Dec. 23, 2020, ECF No. 38-5.)  He added that "what [Huseby has] labeled as attorneys
eyes only so far is not deserving of that protection and I don't agree with it."  (*Id.*)  The defendants
then stated that they would feel constrained to file a motion to compel if Huseby continued to
withhold its remaining responsive documents.  Their counsel asked Huseby's counsel to "confirm
that you have nothing else to produce . . . instead of putting me through the hoops of filing a motion
to compel and taking up the Court's time in ruling on a motion."  (*Id.*)  When Huseby failed to
respond over the ensuing week, the defendants' counsel sent another e-mail as a "last ditch effort
. . . to avoid a motion to compel."  (E-mail from A. Natale to M. Finkelstein, Dec. 30, 2020, ECF
No. 38-6.)

Huseby responded on January 6, 2021, and for the first time it indicated some potential
flexibility on the attorney's-eyes-only issue.  (E-mail from M. Finkelstein to A. Natale, Jan. 6,
2021, ECF No. 38-7.)  Specifically, its counsel offered to "discuss with Huseby whether they will
agree to a production without any attorneys' eyes only protection."  (*Id.*)  But she predicted that
"the first question they will ask is whether the . . . Defendants will be similarly producing all of
their documents to us without such protection."  (*Id.*)  She asked whether the defendants would be
"demand[ing] attorneys' eye only protection for [their] own documents," observing that "[t]he
street should run both ways."  (*Id.*)  The defendants did not respond; instead, they filed the motion
that is the subject of this ruling.

The defendants' motion seeks an order compelling Huseby to produce all documents
responsive to the fifty-eight requests.  (ECF No. 36.)  And as noted above, the motion also requests
an order directing Huseby to pay the defendants' "fees and costs incurred in pursuing this relief."

(*Id.* at 2.)  The defendants argue that "Huseby has simply refused to produce discoverable materials it stated in its answers to the RFP's would be produced and which its counsel acknowledged is in Huseby's possession and represented would be produced."  (ECF No. 37, at 10.)  They add that "when a party has not produced discoverable documents without justification, that party is liable for the attorneys' fees reasonably incurred by the moving party to obtain the documents to which it is entitled, but which have not been produced."  (*Id.* (citing Fed. R. Civ. P. 37(a)(5)(A)).)

Huseby objected to the motion on the ground that it should be permitted to withhold documents until the defendants agree to – or the Court otherwise enters – Huseby's preferred form of protective order.  (*See* ECF No. 44, at 6 ("[T]he Court should deny the Defendants' Motion to Compel and instead enter a Protective Order consistent with the proposed Protective Order previously tendered by the Plaintiff to the Defendants.").)  Importantly, it does not argue that that the documents are irrelevant, or that the defendants' requests are unduly burdensome[1] or disproportionate in the Rule 26(b)(1) sense.  With questions of relevance, burden and proportionality thus off the table, the defendants' motion presents only two questions: (1) whether Huseby may refuse to produce responsive documents on the ground that its preferred form of protective order is not in place, and (2) if not, whether it should pay the attorneys' fees and costs that the defendants incurred in making their motion.

---

[1]     Huseby objected to most of the defendants' requests on the grounds that they were "overly broad and unduly burdensome," but it did not brief those objections.  Courts around the country have held that the failure to brief an objection constitutes an abandonment of that objection.  *See, e.g., Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 620 (D. Kan. 2005) (oft-cited, leading case holding that "objections asserted in a party's initial response to a discovery request – but not reasserted in response to a motion to compel – are deemed abandoned"); *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-cv-4682-D, 2016 WL 1392332, at *6 (N.D. Tex. Apr. 8, 2016) ("[A]n objecting party must, in response to a motion to compel, urge and argue in support of his objection to a request, or the objection will be waived or deemed abandoned.").

2.  **Discussion**

The first question is easily answered, and indeed Judge Arterton anticipated and answered it at the very beginning of the case.  Her protective order states – in bold type, no less – that **"[p]arties and counsel are advised that their claimed need for a more restrictive order does not relieve them from compliance with discovery requests in a timely fashion."**  (ECF No. 12, at 2) (emphasis in original).  If Huseby thought that the existing order was insufficiently protective of its trade secrets and other confidential information, it could not have been unclear about what it needed to do; the order clearly stated – again, in bold type – that **"[i]t is counsel's responsibility to timely move for further protection based on confidentiality."**[2]  (*Id.*)  Moreover, the order was equally clear that if the Rule 34(b)(2)(A) production deadline arrived before a motion for further protection was ruled upon, the remedy would not be to withhold production; in that situation, all responsive documents were to be **"produced by the deadline for 'attorneys' eyes' only, pending decision by the Court."**  In short, Judge Arterton made it abundantly clear that the

---

[2]      Huseby not only failed to file a timely motion for a stronger protective order; it has failed to file any motion at all – even an untimely one.  To be sure, Huseby asked the Court to "enter a Protective Order consistent with the proposed Protective Order previously tendered by the Plaintiff to the Defendants" in its opposition to the defendants' motion to compel.  (ECF No. 44, at 6.)  But it is well-established that a party may not request this sort of relief in an opposition paper filed in response to an adversary's motion.  Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *see also 7-Eleven, Inc. v. Khan*, No. 3:15-cv-01011 (JAM), 2016 WL 223694, at *3 (D. Conn. Jan. 19, 2016) ("It is a basic rule of civil procedure that '[a] request for a court order must be made by motion,' Fed. R. Civ. P. 7(b)(1), not be means of a stray plea for ancillary relief in a parties' reply brief concerning a different motion."); *Sbarra v. Port Auth. of N.Y. & N.J.*, No. 10-Civ.-8580 CM, 2011 WL 4344078, at *1 (S.D.N.Y. Sept. 9, 2011) ("Plaintiffs did not file a notice of cross motion; instead they seek that relief on the cover of their memorandum of law filed in opposition to defendants' motion. . . . [T]he cross motion is procedurally improper and is denied on that basis and without regard to its legal merits."); *Hart v. BHH, LLC*, No. 15-cv-4804, 2018 WL 3471813, at *3 (S.D.N.Y. July 19, 2018) (same).

absence of a stronger protective order would not be a defense to production.  And since that is the only defense that Huseby has asserted, the defendants' motion to compel is **GRANTED.**[3]

Resolution of the second question is guided by Rule 37(a)(5)(A).  That rule provides that if the Court grants a motion to compel, it "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.*  "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*; *see also Weber v. Fujifilm Med. Sys. USA, Inc.*, No. 3:10-cv-00401 (JBA), 2011 WL 674026, at *1-2 (D. Conn. Feb. 17, 2011) (ordering payment of reasonable fees and costs where resistance to discovery "lack[ed] substantial justification").

Applying these principles, the Court concludes that Huseby should not be ordered to pay those fees and costs that the defendants incurred between August 24, 2020 and January 12, 2021, but should be ordered to pay fees and costs incurred after January 12, 2021.  Before that date, the parties were negotiating the confidentiality issue, and indeed Huseby had made a seemingly

---

[3]      As will be detailed in Section 3 *infra*, the motion is granted only with respect to non-privileged, non-work product documents.  Although Huseby evidently has yet to serve a privilege log, and although a party can waive its attorney-client privileges and work product protections by failing to serve a log "with the objection or within a reasonable time thereafter," *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 47 (D. Conn. 2007), the defendants have not asked the Court to hold that Huseby has waived its privileges.  (*See generally* ECF Nos. 37, 48.)  And if they had made such a request, the Court would decline to find a waiver on the current record.  *See Imperati v. Semple*, No. 3:18-cv-01847 (RNC/TOF), 2020 WL 4013304, at *6 (D. Conn. July 16, 2020) (observing that waiver of privilege is a "serious sanction" that "should be done only after careful thought," and identifying factors that courts consider when analyzing claims of waiver).

constructive proposal only six days before.  (*See* ECF No. 38-7 (e-mail from Huseby's counsel, floating the idea of going without an attorneys'-eyes-only provision provided that the defendants agreed to do likewise).)  Rather than respond to the proposal, the defendants filed their motion. To be sure, Huseby should have made its proposals months before, and under the terms of the existing protective order, it was not within its rights to withhold responsive documents while it negotiated.  However, the Court finds it relevant that, up until January 12, 2021, Huseby was under the impression that negotiations were still ongoing.  *Cf., e.g., Purugganan v. AFC Franchising, LLC*, No. 3:20-CV-00360 (KAD), 2020 WL 4818362, at *5 (D. Conn. Aug. 17, 2020) (denying request for award of expenses where ineffective communication by both parties "contributed to the inevitability of this motion to compel, rendering an award unjust under the circumstances"); *Family Wireless #1, LLC v. Auto. Techs., Inc.*, No. 3:15-CV-01310 (JCH) (SALM), 2016 WL 3911870, at *7 (D. Conn. July 15, 2016) (considering parties' "efforts to compromise" in deciding whether the "circumstances make an award of expenses unjust").

Yet once the defendants filed their motion on January 12, 2021, Huseby's non-compliance took on a different cast.  After that date, Huseby could have been under no illusion that the parties were still negotiating or that they had not reached impasse.  Moreover, Huseby could have been under no illusion that it could continue to withhold documents under the terms of the existing protective order, the defendants' motion having plainly highlighted the relevant provisions.  (ECF No. 37, at 10.)  Therefore, on the current record, the Court cannot identify any circumstances that would make an award of post-January 12, 2021 fees and costs "unjust."

**3.  Conclusion and Order**

For the foregoing reasons, the motion of the defendants, Lee Bailey; Brandon Legal Tech, LLC; Brandon Legal Group, LLC; and John Brandon, for an order compelling the plaintiff,

Huseby, LLC, to produce documents (ECF No. 36) is **GRANTED.**  Huseby is ordered to produce

all non-privileged, non-work product documents responsive to the defendants' August 24, 2020

requests for production on or before March 10, 2021.  *See* D. Conn. L. Civ. R. 37(d) ("Unless a

different time is set by the Court, compliance with discovery ordered by the Court shall be made

within fourteen (14) days of the filing of the Court's order.").  If Huseby withholds any document

under a claim of attorney-client privilege or work product protection, it must log the document in

a privilege log that complies with Fed. R. Civ. P. 26(b)(5) and D. Conn. L. Civ. R. 26(e), and serve

that log upon counsel for the defendants by March 10, 2021.  Any privilege claim not logged by

that date may be deemed waived.

The defendants' motion for an award of fees and costs is **GRANTED IN PART AND**

**DENIED IN PART.**  Huseby shall pay the reasonable fees and costs that the defendants incurred

after January 12, 2021 in the course of obtaining the above relief.  The parties are directed to

attempt to resolve the amount of fees and costs without Court intervention according to the

following procedure.  The defendants' counsel shall submit an itemized written statement of fees

and costs to Huseby's counsel on or before March 10, 2021.  Huseby's counsel shall respond in

writing by March 17, 2021, stating whether Huseby agrees or objects to each item in the statement;

any objections shall be stated with particularity.  Counsel shall meet and confer over any objections

by March 24, 2021.  If this process resolves all issues, counsel shall file a joint notice on the docket

to that effect by March 24, 2021.  If the parties cannot resolve all issues without Court intervention,

the defendants may file a fee application on or before March 31, 2021.  *See Hauser v. Gen. Cable*

*Indus., Inc*., No. 3:16-CV-1694 (RNC), 2017 WL 2294286, at *2 (D. Conn. May 25, 2017)

(ordering the parties to "meet and confer in a good faith effort to reach an agreement on the amount

of costs and reasonable attorneys' fees incurred by the defendant" in making the motion to compel,

and ordering the defendant to file a fee application if the parties were unable to reach an agreement).

This is not a recommended ruling.  It is a ruling by a Magistrate Judge on a "nondispositive motion[] . . . relating to discovery," D. Conn. L. Civ. R. 72.1(C)(2), and as such it is reviewable pursuant to the "clearly erroneous" statutory standard of review.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2(b).  It is an order of the Court unless reversed or modified upon timely objection under Local Rule 72.2(a).

So ordered this 24th day of February, 2021, at Hartford, Connecticut.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge